**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

LG ELECTRONICS U.S.A., INC. and
LG ELECTRONICS, INC.,

        Plaintiffs,

     v.

WHIRLPOOL CORPORATION,

        Defendant.

WHIRLPOOL CORPORATION,
WHIRLPOOL PATENTS COMPANY,
WHIRLPOOL MANUFACTURING CORPORATION,
and  MAYTAG CORPORATION,

        Counterclaim Plaintiffs,

     v.

LG ELECTRONICS U.S.A., INC.,
LG ELECTRONICS, INC. and
LG ELECTRONICS MONTERREY MEXICO,
S.A., de CV,

        Counterclaim Defendants.

Civil Action No. 08-234 (GMS)

Jury Trial Demanded

**COUNTERCLAIM DEFENDANTS' LG ELECTRONICS'
ANSWER AND AFFIRMATIVE DEFENSES
TO COUNTERCLAIM PLAINTIFFS' WHIRLPOOL'S
FIRST AMENDED COUNTERCLAIMS**

      LG Electronics U.S.A., Inc., LG Electronics, Inc. and LG Electronics Monterrey Mexico,

S.A., de CV (collectively "LG Electronics"), file this Answer and Affirmative Defenses in

response to Whirlpool Corporation's First Amended Counterclaims (D.I. 9), filed by Whirlpool

Corporation, Whirlpool Patents Company ("WPC"), Whirlpool Manufacturing Corporation ("WMC") and Maytag Corporation ("Maytag") (collectively "Counterclaim Plaintiffs").

**COUNTERCLAIMS**

**THE PARTIES**

44.     Counterclaim Plaintiff Whirlpool Corporation is a Delaware corporation having its principal place of business at 2000 North M-63, Benton Harbor, Michigan 49022.

**Answer:**     Admitted.

45.     Counterclaim Plaintiff Whirlpool Patents Company is a Michigan corporation having its principal place of business at 500 Renaissance Drive, Suite 102, St Joseph, Michigan 49085. Whirlpool Patents Company is a wholly owned subsidiary of Counterclaim Plaintiff Whirlpool Corporation.

**Answer:**     LG Electronics lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45 of the First Amended Counterclaims and therefore denies them.

46.     Counterclaim Plaintiff Whirlpool Manufacturing Corporation is a Michigan corporation having its principal place of business at 500 Renaissance Drive, Suite 102, St Joseph, Michigan 49085.  Whirlpool Manufacturing Corporation is a wholly owned subsidiary of Counterclaim Plaintiff Whirlpool Corporation.

**Answer:**     LG Electronics lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46 of the First Amended Counterclaims and therefore denies them.

47.     Counterclaim Plaintiff Maytag Corporation is a Delaware corporation having its principal place of business at 2000 North M-63, Benton Harbor, Michigan 49022.  Maytag is a wholly owned subsidiary of Counterclaim Plaintiff Whirlpool Corporation.

**Answer:**     LG Electronics lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 of the First Amended Counterclaims and therefore denies them.

48.     In its Complaint, Counterclaim Defendant LG Electronics U.S.A., Inc. has alleged that it is a Delaware corporation having its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

**Answer:**     Admitted.

49.     In its Complaint, Counterclaim Defendant LG Electronics, Inc. has alleged that it is a Korean corporation having its principal place of business at LG Twin Towers, 20 Yoido-dong, Yeongdeungpo-gu, Seoul, Korea 150-72L.  LG Electronics have also alleged that LG Electronics U.S.A., Inc. is a wholly owned subsidiary of LG Electronics, Inc.

**Answer:**     Admitted.

50.     On information and belief, Counterclaim Defendant LG Electronics Monterrey Mexico, S.A., DE, CV is a Mexican corporation having its principal place of business at Av. Industrias 180, Fracc Industrial Pimsa Ote., 66603 Apodaca, Nuevo Leon, Mexico.

**Answer:**     LG Electronics admits that LG Electronics Monterrey Mexico., S.A. de C.V. is a Mexican corporation having its principal place of business located at Av. Industrias 180, Fracc Industrial Pimsa Ote., 66603 Apodaca, Nuevo Leon, Mexico.

## JURISDICTION AND VENUE

51.     These counterclaims arise under the patent laws of the United States, 35 U.S.C. §§ 1 et seq, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**Answer:**     Paragraph 51 alleges legal conclusions to which no responsive pleading is required.  LG Electronics admit that the First Amended Counterclaims purport to allege an action under the patent laws of the United States, 35 U.S.C. §§ 1, et seq, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  LG Electronics admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), to the extent that Counterclaim Plaintiffs are able to demonstrate a proper claim for patent infringement.

52.     By its Complaint, LG Electronics, Inc. has alleged that it is the owner of all rights, title and interest in and to the '121 patent, the '922 patent, and the '292 patent.  Plaintiffs have alleged that Whirlpool has infringed and continues to infringe the '121 patent, the '922 patent and the '292 patent.  Plaintiffs have also alleged that Whirlpool has committed acts of indirect infringement by contributorily infringing and inducing others to infringe the '121 patent, the '922 patent and the '292 patent.

**Answer:**     Admitted.

53.     By filing this Complaint and alleging infringement on the part of Whirlpool, Plaintiffs have created a reasonable apprehension on the part of Whirlpool that Plaintiffs will maintain this lawsuit against Whirlpool or will initiate additional lawsuits against Whirlpool for infringement of the '121 patent, the '922 patent and the '292 patent, and such apprehension will persist even if Plaintiffs were subsequently to dismiss this lawsuit.  For these reasons, an actual controversy within this Court's jurisdiction exists under 28 U.S.C. § 2201.

**Answer:**    Denied.

54.    As set forth in the Complaint and in the Answer to which this Counterclaim is appended, a justiciable controversy has arisen and exists between Whirlpool and Plaintiffs concerning the validity and scope of the '121 patent, the '922 patent and the '292 patent and Whirlpool's liability for any alleged infringement of the '121 patent, the '922 patent and the '292 patent.

**Answer:**    Admitted to the extent that a justiciable controversy has arisen and exists concerning Whirlpool's liability for any alleged infringement of the '121 patent, the '922 patent and the '292 patent.  Denied in all other respects.

55.    Plaintiffs have voluntarily submitted to the jurisdiction of the United States District Court for the District of Delaware as a result of initiating the present action within this Court.  Plaintiffs are subject to personal jurisdiction in this judicial district for the purposes of Counterclaim Plaintiffs' counterclaims.

**Answer:**    Admitted that Plaintiffs are subject to personal jurisdiction with respect to the Counterclaims for purposes of this action.

56.    Counterclaim Defendant LG Electronics Monterrey Mexico, S.A., DE, CV ("LG Mexico") is subject to personal jurisdiction in this judicial district, *inter alia*, because Counterclaim Defendant LG Mexico has committed and continues to commit infringing acts in this district and/or because Counterclaim Defendant LG Mexico has placed and continues to place infringing products into the stream of commerce which are sold in this district.

**Answer:**    Admitted that Counterclaim Defendant LG Mexico has consented to personal jurisdiction with respect to the Counterclaims for purposes of this action.  Denied in all other respects.

57.    Venue is proper in the United States District Court for the District of Delaware as to the Plaintiffs by virtue of Plaintiffs having filed their Complaint in this judicial district.

**Answer:**    Admitted.

58.    Venue is proper in the judicial district as to Counterclaim Defendant LG Mexico, inter alia, by virtue of it being subject to personal jurisdiction in this district. *See* 28 U.S.C. § 1391(c).

**Answer:**    Admitted that venue is proper in the United States district court for the District of Delaware as to Counterclaim Defendant LG Mexico by virtue of its consent to personal jurisdiction with respect to the Counterclaims for purposes of this action. Denied in all other respects.


### FIRST COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

59.    Whirlpool incorporates by reference as if set forth fully herein the allegations in Paragraphs 40 through 58.

**Answer:**    Paragraphs 40-43 relate to affirmative defenses to which no responsive pleading is required and, to that extent denied. LG Electronics incorporates by reference their answers to Paragraphs 44-58. Denied in all other respects.

60.    Whirlpool's activities do not and have not constituted infringement, either directly, contributorily, or by inducement of any valid and enforceable claim of the '121 patent, the '922 patent, or the '292 patent, either literally or under the doctrine of equivalents.

**Answer:**    Denied.

61.    Whirlpool is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that Whirlpool has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of any of the patents asserted against it.

**Answer:**    Denied.

### SECOND COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY)

62.    Whirlpool incorporates by reference as if set forth fully herein the allegations in Paragraphs 40 through 61.

**Answer:**    Paragraphs 40-43 relate to affirmative defenses to which no responsive pleading is required and, to that extent denied.  LG Electronics incorporates by reference their answers to Paragraphs 44-61.  Denied in all other respects.

63.    By their Complaint, Plaintiffs allege that the '121 patent, the '922 patent, or the '292 patent are valid.  Whirlpool denies these allegations and contends that one or more claims of each of the '121 patent, the '922 patent, and the '292 patent are invalid, under 35 U.S.C.§§ 102, 103, and/or 112.  Consequently, there is an actual and justiciable controversy between Whirlpool and Plaintiffs concerning the validity of the patents.

**Answer:**    Admitted that Plaintiffs allege that the '121, '922, and '292 patents are valid.  Denied in all other respects.

64.    Whirlpool is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that one or more claims of each of the '121 patent, the '922 patent, and the '292 patent are invalid.

**Answer:**    Denied.

## THIRD COUNTERCLAIM
### (DECLARATORY JUDGMENT OF FAILURE TO MARK)

65.     Whirlpool incorporates by reference as if set forth fully herein the allegations in Paragraphs 40 through 64.

**Answer:**        Paragraphs 40-43 relate to affirmative defenses to which no responsive pleading is required and, to that extent denied.  LG Electronics incorporates by reference their answers to Paragraphs 44-64.  Denied in all other respects.

66.     On information and belief, Counterclaim Defendants failed to comply with the marking and/or notice requirements set forth in 35 U.S.C. § 287.

**Answer:**        Denied.

67.     Whirlpool is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that Plaintiffs failed to comply with the marking and/or notice requirements and are therefore barred from recovering any damages for any period prior to the filing of the Complaint.

**Answer:**        Denied.


## FOURTH COUNTERCLAIM
### (INFRINGEMENT OF U.S. PATENT NO. 6,082,130)

68.     Counterclaim Plaintiffs reallege and incorporate by reference each of Paragraphs 44 through 67 above.

**Answer:**        LG Electronics incorporates by reference their answers to Paragraphs 44-67.

69.     WPC is the owner by assignment from Whirlpool of United States Patent No. 6,082,130 ("the '130 patent"), which was duly, properly, and legally issued to Whirlpool by virtue of an assignment from the inventors on July 4, 2000, for an invention entitled "Ice

Delivery System for a Refrigerator." A true and correct copy of the '130 patent is attached hereto as Exhibit A.

**Answer:** Admitted that U.S. Patent No. 6,082,130 is entitled "Ice Delivery System for a Refrigerator," lists July 4, 2000 as its issue date, and that a copy of the '130 patent was attached as Exhibit A. LG Electronics is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 69 of the First Amended Counterclaims and, on that basis, denies them.

70. WPC has licensed rights under the '130 Patent to WMC, which has in turn licensed rights under the '130 Patent to Whirlpool. Whirlpool has the right to offer for sale and sell in the United States products covered by the '130 patent.

**Answer:** LG Electronics is without sufficient knowledge or information to admit or deny the allegations of Paragraph 70 of the First Amended Counterclaims and, on that basis, denies them.

71. On information and belief, Counterclaim Defendants have been making, using, selling, offering for sale within, and/or importing into, the United States refrigerators that come within the scope of one or more claims of the '130 patent, and have induced infringement of and/or contributorily infringed one or more claims of the '130 patent. Said refrigerators include, but are not limited to, LG model nos. LSC27950SW and LFX25980ST.

**Answer:** Admitted that LSC27950SW and LFX25980ST are model numbers of LG Refrigerators made, used, sold, offered for sale and/or imported into the United States. Denied in all other respects.

72. On information and belief, Counterclaim Defendants have been infringing the '130 patent and will continue to do so unless and until enjoined by this Court.

**Answer:**      Denied.

73.      Counterclaim Defendants' acts of infringement of the '130 patent have caused Counterclaim Plaintiffs irreparable injury and damages in an as-yet-undetermined amount and, unless and until enjoined by this Court, will continue to do so.

**Answer:**      Denied.

74.      On information and belief, Counterclaim Defendants' acts of infringement of the '130 patent have been and continue to be willful and deliberate, rendering this case eligible for enhanced damages under 35 U.S.C. § 284 and attorney fees under 35 U.S.C. § 285.

**Answer:**      Denied.


## FIFTH COUNTERCLAIM
### (INFRINGEMENT OF U.S. PATENT NO. 6,810,680)

75.      Counterclaim Plaintiffs reallege and incorporate by reference each of Paragraphs 44 through 74 above.

**Answer:**      LG Electronics incorporates by reference their answers to Paragraphs 44-74.

76.      On November 2, 2004, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 6,810,680 ("the '680 patent"), entitled "Ice Maker Fill Tube Assembly." A true and correct copy of the '680 patent is attached hereto as Exhibit B.

**Answer:**      Admitted that U.S. Patent No. 6,810,680 is entitled "Ice Maker Fill Tube Assembly" and lists November 2, 2004 as its issue date.  LG Electronics also admits that a copy of the '680 patent was attached as Exhibit B.  Denied in all other respects.

77.    Maytag is the owner by assignment of the '680 patent and Maytag has the right to offer for sale and sell in the United States products covered by the '680 patent.

**Answer:**    LG Electronics is without sufficient knowledge or information to admit or deny the allegations of Paragraph 77 and, on that basis, denies them.

78.    On information and belief, Counterclaim Defendants have been making, using, selling, offering for sale within, and/or importing into, the United States refrigerators that come within the scope of one or more claims of the '680 patent, and have induced infringement of and/or contributorily infringed one or more claims of the '680 patent.  Said refrigerators include, but are not limited to, LG model no. LSC26905SB.

**Answer:**    Admitted that LSC26905SB is the model number of an LG Refrigerator made, used, sold, offered for sale and/or imported into the United States.  Denied in all other respects.

79.    On information and belief, Counterclaim Defendants have been infringing the '680 patent and will continue to do so unless and until enjoined by this Court.

**Answer:**    Denied.

80.    Counterclaim Defendants' acts of infringement of the '680 patent have caused Counterclaim Plaintiffs irreparable injury and damages in an as yet undetermined amount and, unless and until enjoined by this Court, will continue to do so.

**Answer:**    Denied.

81.    On information and belief, Counterclaim Defendants' acts of infringement of the '680 patent have been and continue to be willful and deliberate, rendering this case eligible for enhanced damages under 35 U.S.C. § 284 and attorney fees under 35 U.S.C. § 285.

**Answer:**    Denied.

## SIXTH COUNTERCLAIM
## (INFRINGEMENT OF U.S. PATENT NO. 6,915,644)

82.    Counterclaim Plaintiffs reallege and incorporate by reference each of Paragraphs 44 through 81 above.

**Answer:**    LG Electronics incorporates by reference their answers to Paragraphs 44-81.

83.    On July 12, 2005, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 6,915,644 ("the '644 patent"), entitled "Ice Maker Fill Tube Assembly."  A true and correct copy of the '644 patent is attached hereto as Exhibit C.

**Answer:**    Admitted that U.S. Patent No. 6,915,644 is entitled "Ice Maker Fill Tube Assembly" and lists July 12, 2005 as its issue date.  LG Electronics also admits that a copy of the '644 patent was attached as Exhibit C.  Denied in all other respects.

84.    Maytag is the owner by assignment of the '644 patent and Maytag has the right to offer for sale and sell in the United States products covered by the '644 patent.

**Answer:**    LG Electronics is without sufficient knowledge or information to admit or deny the allegations of Paragraph 84 of the First Amended Counterclaims and, on that basis, denies them.

85.    On information and belief, Counterclaim Defendants have been making, using, selling, offering for sale within, and/or importing into, the United States refrigerators that come within the scope of one or more claims of the '644 patent, and have induced infringement of and/or contributorily infringed one or more claims of the '644 patent.  Said refrigerators include, but are not limited to, LG model no. LSC26905SB.

**Answer:**    Admitted that LSC26905SB is the model number of an LG Refrigerator made, used, sold, offered for sale and/or imported into the United States.  Denied in all other respects.

86.    On information and belief, Counterclaim Defendants have been infringing the '644 patent and will continue to do so unless and until enjoined by this Court.

**Answer:**    Denied.

87.    Counterclaim Defendants' acts of infringement of the '644 patent have caused Counterclaim Plaintiffs irreparable injury and damages in an as-yet-undetermined amount and, unless and until enjoined by this Court, will continue to do so.

**Answer:**    Denied.

88.    On information and belief, Counterclaim Defendants' acts of infringement of the '644 patent have been and continue to be willful and deliberate, rendering this case eligible for enhanced damages under 35 U.S.C. § 284 and attorney fees under 35 U.S.C. § 285.

**Answer:**    Denied.


**SEVENTH COUNTERCLAIM**
**(INFRINGEMENT OF U.S. PATENT NO. 5,269,601)**

89.    Counterclaim Plaintiffs reallege and incorporate by reference each of Paragraphs 44 through 88 above.

**Answer:**    LG Electronics incorporates by reference their answers to Paragraphs 44-88.

90.    WPC is the owner by assignment from Whirlpool of United States Patent No. 5,269,601 ("the '601 patent"), which was duly, properly, and legally issued to Whirlpool by virtue of an assignment from the inventors on December 14, 1993, for an invention entitled

"Method and Apparatus for Manufacture of Plastic Refrigerator Liners." A true and correct copy of the '601 patent is attached hereto as Exhibit D.

> **Answer:**    Admitted that U.S. Patent No. 5,269,601 is entitled "Method and Apparatus for Manufacture of Plastic Refrigerator Liners" and lists December 14, 1993 as its issue date. LG Electronics also admits that a copy of the '601 patent was attached as Exhibit D. Denied in all other respects.

91.    WPC has licensed rights under the '601 Patent to WMC, which has in turn licensed rights under the '601 Patent to Whirlpool. Whirlpool has the right to offer for sale and sell in the United States products covered by the '601 patent.

> **Answer:**    LG Electronics is without sufficient knowledge or information to admit or deny the allegations of Paragraph 91 of the First Amended Counterclaims and, on that basis, denies them.

92.    On information and belief, Counterclaim Defendants have been making, using, selling, offering for sale within and/or importing into, the United States refrigerators that come within the scope of one or more claims of the '601 patent, and have induced infringement of and/or contributorily infringed one or more claims of the '601 patent. Said refrigerators include, but are not limited to, LG model nos. LSC26905SB and LSC27950SW.

> **Answer:**    Admitted that LSC26905SB and LSC27950SW are model numbers of LG Refrigerators made, used, sold, offered for sale and/or imported into the United States. Denied in all other respects.

93.    On information and belief, Counterclaim Defendants have been infringing the '601 patent and will continue to do so unless and until enjoined by this Court.

> **Answer:**    Denied.

94.     Counterclaim Defendants' acts of infringement of the '601 patent have caused Counterclaim Plaintiffs irreparable injury and damages in an as-yet-undetermined amount and, unless and until enjoined by this Court, will continue to do so.

**Answer:**     Denied.


## EIGHTH COUNTERCLAIM
### (INFRINGEMENT OF U.S. PATENT NO. 5,269,154)

95.     Counterclaim Plaintiffs reallege and incorporate by reference each of Paragraphs 44 through 94 above.

**Answer:**     LG Electronics incorporates by reference their answers to Paragraphs 44-94.

96.     WPC is the owner by assignment from Whirlpool of United States Patent No. 5,269,154 ("the '154 patent"), which was duly, properly and legally issued to Whirlpool by virtue of an assignment from the inventors on December 14, 1993, for an invention entitled "Heated Ice Door for Dispenser."  A true and correct copy of the '154 patent is attached hereto as Exhibit E.

**Answer:**     LG Electronics admits that U.S. Patent No. 5,269,154 is entitled "Heated Ice Door for Dispenser," lists December 14, 1993 as its issue date, and that a copy of the '154 patent was attached as Exhibit E.  LG Electronics is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 96 of the First Amended Counterclaims and, on that basis, denies them.

97.     WPC has licensed rights under the '154 Patent to WMC, which has in turn licensed rights under the '154 Patent to Whirlpool Corporation.  Whirlpool has the right to offer for sale and sell in the United States products covered by the '154 patent.

**Answer:**        LG Electronics is without sufficient knowledge or information to admit or deny the allegations of Paragraph 97 of the First Amended Counterclaims and, on that basis, denies them.

98.    On information and belief, Counterclaim Defendants have been making, using, selling, offering for sale within and/or importing into, the United States refrigerators that come within the scope of one or more claims of the '154 patent, and have induced infringement of and/or contributorily infringed one or more claims of the '154 patent.  Said refrigerators include, but are not limited to, LG model nos. LSC27950SW and LFX25980ST.

**Answer:**        Admitted that LSC27950SW and LFX25980ST are model numbers of LG Refrigerators made, used, sold, offered for sale and/or imported into the United States.  Denied in all other respects.

99.    On information and belief, Counterclaim Defendants have been infringing the '154 patent and will continue to do so unless and until enjoined by this Court.

**Answer:**        Denied.

100.    Counterclaim Defendants' acts of infringement of the '154 patent have caused Counterclaim Plaintiffs irreparable injury and damages in an as-yet-undetermined amount and, unless and until enjoined by this Court, will continue to do so.

**Answer:**        Denied.


### NINTH COUNTERCLAIM
### (INFRINGEMENT OF U.S. PATENT NO. 6,997,526)

101.    Counterclaim Plaintiffs reallege and incorporate by reference each of Paragraphs 44 through 100 above.

**Answer:**    LG Electronics incorporates by reference their answers to Paragraphs 44-100.

102.    On February 14, 2006, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No, 6,997,526 ("the '526 patent"), entitled "Refrigerator Door Storage Systems." A true and correct copy of the '526 patent is attached hereto as Exhibit F.

**Answer:**    Admitted that U.S. Patent No. 6,997,526 is entitled "Refrigerator Door Storage Systems" and lists February 14, 2006 as its issue date. LG Electronics also admits that a copy of the '526 patent was attached as Exhibit F. Denied in all other respects.

103.    Maytag is the owner by assignment of the '526 patent and Maytag has the right to offer for sale and sell in the United States products covered by the '526 patent.

**Answer:**    LG Electronics is without sufficient knowledge or information to admit or deny the allegations of Paragraph 103 of the First Amended Counterclaims and, on that basis, denies them.

104.    On information and belief, Counterclaim Defendants have been making, using, selling, offering for sale within and/or importing into, the United States refrigerators that come within the scope of one or more claims of the '526 patent, and have induced infringement of and/or contributorily infringed one or more claims of the '526 patent. Said refrigerators include, but are not limited to, LG model no. LFX25980ST.

**Answer:**    Admitted that LFX25980ST is the model number of an LG Refrigerator made, used, sold, offered for sale and/or imported into the United States. Denied in all other respects.

105.    On information and belief, Counterclaim Defendants have been infringing the '526 patent and will continue to do so unless and until enjoined by this Court.

**Answer:**    Denied.

106.    Counterclaim Defendants' acts of infringement of the '526 patent have caused Counterclaim Plaintiffs irreparable injury and damages in an as-yet-undetermined amount and, unless and until enjoined by this Court, will continue to do so.

**Answer:**    Denied.


## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that LG Electronics bears the burden of proof as to any of the following affirmative defenses, based upon information and belief, LG Electronics asserts the following:


## FIRST AFFIRMATIVE DEFENSE
## (NON-INFRINGEMENT)

107.    LG Electronics does not infringe, have not infringed, have not and do not induce or contribute to the infringement of any valid and enforceable claim of the '130, '680, '644, '601, '154 or '526 patents, either literally or under the doctrine of equivalents.


## SECOND AFFIRMATIVE DEFENSE
## (INVALIDITY)

108.    One or more claims asserted by Counterclaim Plaintiffs of the '130, '680, '644, '601, '154 or '526 patents are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

109.    Counterclaim Plaintiffs have failed to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE
### (FAILURE TO MARK)

110.    On information and belief, Counterclaim Plaintiffs have failed to mark any refrigerator with any of the '130, '680, '644, '601, '154 or '526 patent numbers and have otherwise failed to comply with the marking and/or notice requirements set forth in 35 U.S.C. § 287.  Counterclaim Plaintiffs are therefore barred from recovering any damages for any period prior to the filing of the First Amended Counterclaims.

### FIFTH AFFIRMATIVE DEFENSE
### (UNENFORCEABILITY)

111.    At least one or more of the '130, '680, '644, '601, '154 or '526 patents was procured with inequitable conduct and is unenforceable for this reason.  For example, the asserted claims of the '680 and '644 patents are invalidated at least by Counterclaim Plaintiffs' own prior art refrigerators, namely Maytag refrigerators with model numbers beginning MSD2758 and MTB2156.  Maytag refrigerators with model numbers beginning MSD2758 and MTB2156 were on sale or sold prior to January 31, 2002.  These prior art machines of Maytag, the entity that filed the patent applications leading to the '680 and the '644 patents, are highly material but were not disclosed to the U.S. Patent and Trademark Office.  Maytag and the inventors and attorneys involved in the '680 and '644 patent applications failed to comply with the duty of disclosure owed to the U.S. Patent and Trademark Office and the public at least with respect to the above identified prior art refrigerators.

## SIXTH AFFIRMATIVE DEFENSE
### (LACHES)

112.     Counterclaim Plaintiffs' counterclaims are barred, in whole or in part, by the defense of laches.

## SEVENTH AFFIRMATIVE DEFENSE
### (MISUSE OF INTELLECTUAL PROPERTY)

113.     Counterclaim Plaintiffs' counterclaims are barred, in whole or in part, by the defense of misuse of intellectual property.

## EIGHTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

114.     Counterclaim Plaintiffs' counterclaims are barred, in whole or in part, from any equitable relief that may otherwise be available due to their unclean hands.

## RIGHT TO ASSERT ADDITIONAL DEFENSES

LG Electronics' investigations into Counterclaim Plaintiffs' allegations are ongoing and discovery has not yet commenced. LG Electronics thus reserves the right to assert and pursue additional defenses.

## REQUESTS FOR RELIEF

WHEREFORE, LG Electronics respectfully requests that this Court:

A.     Dismiss with prejudice the First Amended Counterclaims and deny all of Counterclaim Plaintiffs' requests for relief;

B.     Declare the '130, '680, '644, '601, '154 and '526 patents not infringed;

C.     Declare the '130, '680, '644, '601, '154 and '526 patents invalid;

D.      Declare the '130, '680, '644, '601, '154 and '526 patents unenforceable;

E.      Enter a permanent injunction enjoining Counterclaim Plaintiffs from asserting or otherwise seeking to enforce the '130, '680, '644, '601, '154 and '526 patents against LG Electronics, or any of their customers;

F       Award LG Electronics their costs, disbursements, and reasonable attorney fees (including expert fees) incurred in this action;

G.      Award pre-judgment and post-judgment interest on any and all amounts awarded; and

H.      Enter such other and further relief as the Court deems just and proper.

Dated:  June 18, 2008

_____ */s/ Richard K. Herrmann* _____
Richard K. Herrmann (I.D. #405)
Mary B. Matterer (I.D. #2696)
Amy A. Quinlan (I.D. # 3021)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

Patrick J. Coyne
Richard L. Stroup
Walter D. Davis, Jr.
Jeffrey W. Abraham
FINNEGAN, HENDERSON,
  FARABOW, GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000
patrick.coyne@finnegan.com
richard.stroup@finnegan.com
walter.davis@finnegan.com
jeffrey.abraham@finnegan.com

Attorneys for Plaintiffs
LG ELECTRONICS U.S.A., INC.,
LG ELECTRONICS, INC. and
LG ELECTRONICS MONTERREY
MEXICO, S.A., de CV