IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG ELECTRONICS U.S.A., INC. and<br>LG ELECTRONICS, INC.,<br><br>  Plaintiffs,<br><br>  v.<br><br>WHIRLPOOL CORPORATION,<br><br>  Defendant.<br>_____<br><br>WHIRLPOOL CORPORATION et al.,<br><br>  Counterclaim Plaintiffs,<br><br>  v.<br><br>LG ELECTRONICS U.S.A., INC. et al.<br><br>  Counterclaim Defendants. | C. A. No. 08-234 (GMS) |

**MEMORANDUM ORDER**

1.  On April 24, 2008, LG Electronics U.S.A., Inc. and LG Electronics, Inc. (collectively, "LG"), filed a complaint against Whirlpool Corporation and Maytag Corporation (collectively, "Whirlpool") for Patent Infringement. (D.I. 1.) On May 26, 2009 LG filed its second amended complaint for patent infringement, adding claims for declaratory judgments of invalidity, non-infringement, and unenforceability of Whirlpool's patents, a claim for false advertising under Section 43(a) of the Lanham Act (Count Nine), and a claim under Delaware's Deceptive Trade Practices Act (Count Ten). (D.I. 72.) On June 17, 2009, Whirlpool filed a motion to dismiss Counts Nine and Ten of LG's second amended complaint. (D.I. 138.) For the reasons that follow, the court will grant Whirlpool's motion to dismiss.

2. Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), the court looks at the facts most favorable to the non-moving party. *See, e.g. Calloway v. Green Tree Servicing, LLC,* 607 F. Supp. 2d 669, 673 (D. Del. 2009). A complaint does not need detailed factual allegations, however, "a plaintiff's obligations to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (citations omitted). In other words, the plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir. 2008). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal,* --- U.S. ---, 129 S. Ct. 1937, 1950 (2009). If they do not, the court should dismiss the complaint. *Id.*

3. LG contends that Counts Nine and Ten contain sufficient factual allegations, and that no additional details are necessary.[1] (*Id.* at 4-8.) LG attempts to support its position by citing to paragraphs from the complaint. (D.I. 72 at ¶¶ 25, 26, 106-12.) The court has reviewed the cited paragraphs and concludes that they are not well pleaded factual allegations. Instead, these

---

[1] LG notes however, that additional factual details regarding specific examples of Whirlpool's acts that would prove its case are included in its reply to the motion to amend. (D.I. 62.) Generally, on a motion to dismiss pursuant to Rule 12(b)(6), a court may not consider material outside of the pleadings. The court makes an exception, however, when a document becomes "integral to or explicitly relied upon in the complaint." *In re Burlington Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digital Equip. Corp.,* 82 F.3d 1194, 1220 (1st Cir. 1996) (superseded by statute on other grounds)). Here, the court finds that LG has not made the reply to its motion to amend an "integral" part of its complaint. Thus, the court does not consider it for the purpose of deciding Whirlpool's motion to dismiss.

paragraphs merely contain legal conclusions. No specific facts are alleged. Instead, the cited paragraphs contain inadequate formulaic recitations of the elements of the Lanham Act and Delaware Deceptive Trade Practices causes of action. Rather than providing factual allegations to support its legal conclusions, LG merely inserts Whirlpool's name into each of the elements of the Lanham Act and Delaware Deceptive Trade Practices claims. In contrast, LG includes numerous factual allegations to support its claims of unenforceability and invalidity of Whirlpool's patents. (Compare D.I. 72 Counts Six and Seven at ¶¶ 68-101, with Counts Nine and Ten at ¶¶ 105-112.) Accordingly, the court will grant Whirlpool's motion to dismiss.

Therefore, IT IS HEREBY ORDERED that:

1. Whirlpool's Motion to Dismiss (D.I. 138) is GRANTED,

2. Count Nine and Count Ten of LG's second amended complaint are DISMISSED.

Dated: November 9, 2009

CHIEF, UNITED STATES DISTRICT JUDGE