IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG ELECTRONICS U.S.A., INC., and<br>LG ELECTRONICS, INC.,<br>    Plaintiffs,<br>v.<br>WHIRLPOOL CORPORATION,<br>    Defendant. | C.A. No. 08-234 (GMS) |
| WHIRLPOOL CORPORATION,<br>WHIRLPOOL PATENTS COMPANY,<br>WHIRLPOOL MANUFACTURING<br>CORPORATION, and MAYTAG<br>CORPORATION,<br>    Counterclaim Plaintiffs,<br>v.<br>LG ELECTRONICS U.S.A., INC.,<br>LG ELECTRONICS, INC., and LG<br>ELECTRONICS MONTERREY MEXICO,<br>S.A., DE, CV,<br>    Counterclaim Defendants. | Jury Trial Demanded<br><br>REDACTED PUBLIC<br>VERSION |

## WHIRLPOOL'S MOTION IN LIMINE NO. 2 TO EXCLUDE IMPROPER EVIDENCE AND ARGUMENT REGARDING PRIOR LITIGATION

OF COUNSEL:

Scott F. Partridge
Paul R. Morico
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002
(713) 229-1569
scott.partridge@bakerbotts.com
paul.morico@bakerbotts.com

Dated: November 23, 2009

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
920 North King Street
One Rodney Square
Wilmington, DE 19801
(302) 651-7700

*Attorneys for Whirlpool Corporation,
Whirlpool Patents Company, Whirlpool
Manufacturing Corporation and Maytag
Corporation*

HOU01:1136702.1

Whirlpool moves in limine to exclude improper evidence and argument by LG related to prior litigation under Federal Rules of Evidence 402, 403, and 602.[1] LG's exhibit list, deposition designations for trial, draft pretrial order, and communications from LG's counsel make clear that LG intends to introduce evidence and argument at trial regarding ancillary or dismissed claims. Specifically, LG seeks to introduce evidence and arguments relevant only to its dismissed unfair competition claims and interim, non-precedential opinions of an ALJ that are riddled with legal errors. Such evidence and argument should be excluded as highly prejudicial to Whirlpool, likely to cause jury confusion, and as a waste of this Court's and Whirlpool's time and resources, while being of no relevance to the issues in this case. FED. R. EVID. 402; 403.

## I. LG Seeks to Undermine This Court's Dismissal of Its Unfair Competition Claims by Repurposing Its Evidence and Arguments.

In seeking leave to file its second amended complaint, LG affirmatively represented to this Court that prior litigation between Whirlpool and LG was part of its claims for unfair competition. (LG's Reply Brief in Support of Motion for Leave to File Second Amended Complaint, D.I. 62, p 5.) ("documents produced by Whirlpool detail Whirlpool's strategy to 'attack' LG's integrity, through: a series of legal actions. . ."). On November 9, the Court dismissed LG's unfair competition claims. (D.I. 276). Nevertheless, LG has refused to remove even a single exhibit from its exhibit list or de-designate any deposition testimony it disclosed as part of its pretrial disclosures, which were served on Whirlpool on November 3, before the

---

[1] Many of the exhibits and arguments that are the subject of this motion in limine have no sponsoring witness, and have not been the subject matter of discovery in this case. LG has no witnesses with personal knowledge for these exhibits, and Whirlpool anticipates that counsel for LG will attempt to introduce them improperly during trial through attorney argument or during cross examination with witnesses who may not have even seen the subject materials.

Court's November 9 order dismissing LG's claims.[2] Instead, LG has made clear that it intends an end run around the Court's dismissal by repurposing its evidence and arguments under inapplicable "patent misuse" and "unclean hands" defenses[3] -- defenses that are limited by law to the patents-in-suit or otherwise fall into the category of LG's dismissed claims for unfair competition.

LG's decision to proceed as though the Court's dismissal had no effect is clear from LG's refusal to reduce its exhibit list and from its proposed pretrial order, where LG lists the following as "Contested Issues of Fact and Law on Patent Misuse and Unclean Hands":

REDACTED

(Ex. A to Declaration of Robinson Vu, Ex. B: Contested Facts and Law to LG's Pretrial Submissions, served on Nov. 16, at Nos. 69, 71.) These issues are identical in substance to those LG affirmatively represented to the Court as being the basis for its unfair competition and false advertising claims. (*See* LG's Reply Br. in Support of Motion for Leave to File 2nd Amended Complaint, D.I. 62, p 5) ("documents produced by Whirlpool detail Whirlpool's strategy to 'attack' LG's integrity, through: a series of legal actions. . ."). LG appears to have simply

---

[2] The relevant exhibits and deposition excerpts are attached as Exhibit C to the Declaration of Robinson Vu.

[3] LG not only has refused to remove these exhibits but also has told Whirlpool through its counsel that the Court is without discretion on this matter and is forced to allow LG to add its unfair competition claims back to the case. (See Ex. B to Declaration of Robinson Vu, email from Patrick Coyne to Paul Morico, November 18, 2009) (  REDACTED
REDACTED
)

changed the heading on its pretrial materials from "Unfair Competition and False Advertising" to "Patent Misuse and Unclean Hands" after the Court dismissed its claims. LG must be held to its representation to this Court that these facts and evidence are the basis for LG's now-dismissed unfair competition claims. *See Donald M. Durkin Contracting, Inc. v. City of Newark*, 2006 WL 2724882, at *6 (D. Del. 2006) (J. Sleet) ("pled position is a judicial admission to which the City must be held.")

## II. Prior Litigation Related to Different Patents and False Advertising Cannot Form the Basis for Defenses of "Patent Misuse" or "Unclean Hands."

LG's counsel has informed Whirlpool that it will seek to introduce evidence of litigation between Whirlpool and LG in the unrelated field of washing machine technology as a basis for its patent misuse defense, yet the Federal Circuit has made clear that patent misuse relates only to the patentee's enforcement activities related to the patents-in-suit, "requir[ing] that the alleged infringer show that the patentee has impermissibly broadened the physical or temporal scope of the patent grant with anticompetitive effect." *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1001 (Fed. Cir.1986); *see also B. Braun Med., Inc. v. Abbott Labs.*, 124 F.3d 1419, 1427 (Fed. Cir. 1997) (patent misuse "is an extension of the equitable doctrine of unclean hands, whereby a court of equity will not lend its support to enforcement of a patent that has been misused."); *U.S. Philips Corp. v. Int'l Trade Com'n*, 424 F.3d 1179, 1184-85 (Fed. Cir. 2005) ("[T]he doctrine of patent misuse bars a patentee from using the patent's leverage to 'extend the monopoly of his patent to derive a benefit not attributable to the use of the patent's teachings . . .'") (internal quotation omitted). Similarly, this Court has held that the defense of unclean hands requires "an immediate and necessary relation" between the plaintiff's alleged misconduct and the equity sought by that party, explaining that, "in the Third Circuit, this nexus is 'the primary principle guiding application of the unclean hands doctrine.'" *France Telecom S.A. v. Novell, Inc.*, 2002

WL 31355255, *3 (D. Del. 2002) (Sleet, J.) (internal quotations omitted). LG's attempt to repurpose its unfair competition evidence[4] as patent misuse and unclean hands defenses fails as a transparent attempt to ignore this Court's dismissal of its unfair competition claims.

Similarly, LG should not be permitted to re-insert its dismissed false advertising claims into the trial through improper evidence and argument. Despite the Court's dismissal of LG's claims, LG has made clear its intention to introduce such evidence and argument at trial, specifically listing false advertising and public statements as among the contested issues for trial. (*See* Ex. A at Nos. 69, 71) ( REDACTED REDACTED ) False advertising is irrelevant to any claims or defenses in this case. As related above, the defenses of patent misuse and unclean hands require "an immediate and necessary relation" between Whirlpool's alleged misconduct and the equity sought by LG. Here, LG's claims for relief related to Whirlpool's alleged false advertising and public statements have been dismissed from the case, thereby eliminating any nexus between the evidence and argument proffered and the issues in this case.

### III. Evidence and Arguments Related to the ALJ's Initial and Remand Determinations at the ITC Should Be Excluded as Unduly Prejudicial, Likely to Confuse the Jury, and as a Usurpation of This Court's Claim Constructions.

As this Court is likely aware, the parties have previously litigated the '130 patent at the ITC. In the ALJ's initial determination therein, he found the '130 patent valid and that LG's

---

[4] Bad faith enforcement of a patent such as LG appears to be alleging is an independent cause of action for false advertising or unfair competition:
> Patent law does not explicitly provide affirmative remedies, such as injunctive relief or monetary relief for damages caused by bad faith enforcement. A claim for bad faith enforcement must be based on theories that are not patent-specific. The potentially available theories include antitrust, <u>false advertising under the Lanham Act</u>, <u>unfair competition under the Lanham Act or the common law</u>, and forms of tort, such as interference with contract or prospective advantage, malicious prosecution, and trade libel.

6 Donald S. Chisum, *Chisum on Patents* § 19.06 (2007) (emphasis added).

accused refrigerators met all but one of the claim limitations. The Commission reversed the claim construction upon which the ALJ's noninfringement finding was based and remanded the case for findings consistent with the Commission's revised claim construction. In his remand determination, the ALJ made clear his intent to find no violation, this time finding that claim limitations found to be present in LG's refrigerators were no longer present despite a broader claim construction, and invalidating all but one of the asserted claims, one of which he found obvious in view of the combination of the *claim itself* and a prior art reference. This Court will readily appreciate that neither outcome is supportable. Whirlpool has already filed a petition for review and is confident that the Commission will again review and reverse the ALJ's decision.

The ALJ's determinations are irrelevant to this case not only because they are riddled with legal errors but also because they are based on claim constructions that differ from this Court's constructions. Any evidence or argument related to determinations based on differing claim constructions necessarily will confuse the jury, will risk usurping this Court's claim construction, and will unduly prejudice Whirlpool, whose patent is entitled to a presumption of validity until finally adjudicated to the contrary and has a right to proceed on infringement under *this* Court's claim construction. *Arthrocare Corp. v. Smith & Nephew, Inc.*, 2003 WL 1905636, at *1 (D. Del. 2003) (excluding evidence of interlocutory decision); *Arthrocare Corp. v. Smith & Nephew, Inc.*, 310 F. Supp. 2d 638, 668 (D. Del. 2004) (excluding references to prior validity findings because "findings of fact made in litigation unrelated to the present suit do not have a presumptive effect . . . Any reference to [the] opinion potentially would have confused the jury regarding their role in deciding such validity."), *rev. and vacated on other grounds*, 406 F.3d 1365 (Fed. Cir. 2005); *cf. Cordis Corp. v. Medtronic Vascular, Inc.*, 2005 WL 885381 (D. Del. 2005) (excluding references to prior verdicts, judgments, appeals, decisions, etc.).

Dated: November 23, 2009    Respectfully Submitted,

/s/ Anne Shea Gaza
Frederick L. Cottrell, III (#2555), cottrell@rlf.com
Anne Shea Gaza (#4093), gaza@rlf.com
Richards, Layton & Finger, P.A.
920 North King Street
One Rodney Square
Wilmington, DE 19801
(302) 651-7700

OF COUNSEL:
Scott F. Partridge, scott.partridge@bakerbotts.com
Paul R. Morico, paul.morico@bakerbotts.com
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002
(713) 229-1569

ATTORNEYS FOR WHIRLPOOL CORPORATION AND MAYTAG CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following who have also been served as noted:

**VIA EMAIL ON 11/23/09 & 12/10/09**

Richard K. Herrmann
Mary Matterer
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
rherrmann@morrisjames.com
mmatterer@morrisjames.com

**VIA EMAIL ON 11/23/09 & 12/10/09**

Patrick J. Coyne
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
901 New York Avenue, NW
Washington, DC  20001-4413
LG-Delaware-Refrigerator-Litigation-Team@finnegan.com

*/s/ Anne Shea Gaza*
Anne Shea Gaza (#4093)
gaza@rlf.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following who have also been served as noted:

**VIA EMAIL**

Richard K. Herrmann
Mary Matterer
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
rherrmann@morrisjames.com
mmatterer@morrisjames.com

**VIA EMAIL**

Patrick J. Coyne
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
901 New York Avenue, NW
Washington, DC  20001-4413
LG-Delaware-Refrigerator-Litigation-Team@finnegan.com


*/s/ Anne Shea Gaza*
Anne Shea Gaza (#4093)
gaza@rlf.com