# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG ELECTRONICS U.S.A., INC., et al., | § § § |
| Plaintiffs, | § § |
| v. | § § |
| WHIRLPOOL CORPORATION, et al. | § Civil Action No. 08-234 (GMS) § § Jury Trial Demanded |
| Defendant, | § § |
| and related Counterclaims. | § § § |

## VERDICT FORM

We, the jury, unanimously find as follows:

I. **As to LG's Patents-in-Suit**

    A. **LG's '121 Patent**

**Question No. 1. - Infringement.** Has LG proven, by a preponderance of the evidence, that Whirlpool has literally infringed any of the following claims of the '121 patent?

|  | YES (for LG) | NO (for Whirlpool) |
|---|---|---|
| '121 Claim 20 |  | ✓ |
| '121 Claim 21 |  | ✓ |
| '121 Claim 36 |  | ✓ |

**Question No. 2. - Obviousness.** Do you find that Whirlpool has proven by clear and convincing evidence that any of the following claims of LG's '121 patent would have been obvious to a person of ordinary skill in the field at the time the patent application was filed?

|  | YES (for Whirlpool) | NO (for LG) |
|---|---|---|
| '121 Claim 20 |  | ✓ |
| '121 Claim 21 |  | ✓ |
| '121 Claim 36 |  | ✓ |

**Question No. 3. - Damages - Reasonable Royalty.** Answer this question only if you answered yes to question one and no to question two. What amount of damages has LG proven would be adequate to compensate for Whirlpool's infringement of the '121 patent, which amount cannot be less than a reasonable royalty?

    $_____

## II. As to Whirlpool's Patents-in-Suit

### A. Whirlpool's '130 Patent

**Question No. 4.** - **Infringement by Side-by-Side Refrigerators.** Has Whirlpool proven, by a preponderance of the evidence, that LG has literally infringed any of the following claims of the '130 patent with its side-by-side refrigerators:

|  | YES (for Whirlpool) | NO (for LG) |
|---|---|---|
| '130 Claim 1 | ✓ |  |
| '130 Claim 2 | ✓ |  |
| '130 Claim 6 | ✓ |  |
| '130 Claim 8 |  | ✓ |
| '130 Claim 9 | ✓ |  |

**Question No. 5.** - **Infringement by French Door Refrigerators.** Has Whirlpool proven, by a preponderance of the evidence, that LG has literally infringed any of the following claims of the '130 patent with its French door refrigerators:

|  | YES (for Whirlpool) | NO (for LG) |
|---|---|---|
| '130 Claim 1 |  | ✓ |
| '130 Claim 2 |  | ✓ |
| '130 Claim 6 |  | ✓ |
| '130 Claim 8 |  | ✓ |
| '130 Claim 9 |  | ✓ |

**Question No. 6.** - **Infringement under the Doctrine of Equivalents by French Door Refrigerators.** Has Whirlpool proven that it is more likely than not that the accused LG French door refrigerators include parts that are identical or equivalent to every element of the claim listed below? In other words, for any element that is not literally found in LG's accused product, does the accused product have an equivalent part(s) to that element?

|  | YES (for Whirlpool) | NO (for LG) |
|---|---|---|
| '130 Claim 1 |  | ✓ |
| '130 Claim 2 |  | ✓ |
| '130 Claim 6 |  | ✓ |
| '130 Claim 8 |  | ✓ |
| '130 Claim 9 |  | ✓ |

**Question No. 7. - Willful Infringement.** Has Whirlpool proven by clear and convincing evidence that LG willfully infringed the '130 patent?

| YES (for Whirlpool) | NO (for LG) |
|---|---|
|  | ✓ |

**Question No. 8. - Written Description Requirement.** Has LG proven by clear and convincing evidence that a person of ordinary skill in the field who read the '130 patent as originally filed would not recognize that the patent application described the invention as claimed?

| YES (for LG) | NO (for Whirlpool) |
|---|---|
|  | ✓ |

**Question No. 9. - Anticipation.** Has LG proven by clear and convincing evidence that any of the following claims of Whirlpool's '130 patent are invalid as "anticipated?"

|  | YES (for LG) | NO (for Whirlpool) |
|---|---|---|
| '130 Claim 1 |  | ✓ |
| '130 Claim 2 |  | ✓ |
| '130 Claim 6 |  | ✓ |
| '130 Claim 8 |  | ✓ |
| '130 Claim 9 |  | ✓ |

**Question No. 10. - Obviousness.** Do you find that LG has proven by clear and convincing evidence that any of the following claims of Whirlpool's '130 patent would have been obvious to a person of ordinary skill in the field at the time the patent application was filed?

|  | YES (for LG) | NO (for Whirlpool) |
|---|---|---|
| '130 Claim 1 |  | ✓ |
| '130 Claim 2 |  | ✓ |
| '130 Claim 6 |  | ✓ |
| '130 Claim 8 |  | ✓ |
| '130 Claim 9 |  | ✓ |

**Question No. 11. - Damages.** Answer this question only if you answered yes to one or more of questions 4, 5, and 6, and no to all of questions 8, 9, and 10. What amount of damages has Whirlpool proven would be adequate to compensate for LG's infringement of the '130 patent, which amount cannot be less than a reasonable royalty?

$ 1,786,925

One-million, seven hundred eighty six thousand, nine hundred twenty five dollars.

### B. Whirlpool's '601 Patent

**Question No. 12. - Infringement.** Has Whirlpool proven, by a preponderance of the evidence, that LG has literally infringed any of the following claims of the '601 patent:

|  | YES (for Whirlpool) | NO (for LG) |
|---|---|---|
| '601 Claim 1 | ✓ |  |
| '601 Claim 4 | ✓ |  |
| '601 Claim 15 | ✓ |  |

**Question No. 13. - Anticipation.** Has LG proven by clear and convincing evidence that any of the following claims of Whirlpool's '601 patent are invalid as "anticipated?"

|  | YES (for LG) | NO (for Whirlpool) |
|---|---|---|
| '601 Claim 1 | ✓ |  |
| '601 Claim 4 | ✓ |  |
| '601 Claim 15 | ✓ |  |

**Question No. 14. - Obviousness.** Do you find that LG has proven by clear and convincing evidence that any of the following claims of Whirlpool's '601 patent would have been obvious to a person of ordinary skill in the field at the time the patent application was filed?

|  | YES (for LG) | NO (for Whirlpool) |
|---|---|---|
| '601 Claim 1 |  | ✓ |
| '601 Claim 4 |  | ✓ |
| '601 Claim 15 |  | ✓ |

**Question No. 15. - Damages.** Answer this question only if you answered yes to question 12, and no to all of questions 13 and 14. What amount of damages has Whirlpool proven would be adequate to compensate for LG's infringement of the '601 patent, which amount cannot be less than a reasonable royalty?

$ _____

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the spaces below and notify the marshal that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

DATED: March 11, 2010     By: _____     Presiding Juror

REDACTED